# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| GWENETH DOUGLAS POWERS, and ANTHONY D. POWERS, } } } | |
| Plaintiffs, } } | Case No.: 1:18-cv-01452-MHH |
| v. } } | On Appeal from Bankr. Case No. 15-03267-JJR13 |
| CHADWELL HOMES OF ALABAMA, LLC, } } } | |
| Defendants. } } | |

## MEMORANDUM OPINION

In this bankruptcy appeal, *pro se* litigants Gweneth Douglass Powers and Anthony D. Powers move for reconsideration, (Doc. 21), of the Court's September 16, 2019 memorandum opinion and order affirming an August 28, 2018 order in which the Bankruptcy Court relieved Chadwell Homes of Alabama, LLC from a bankruptcy co-debtor stay in Bankr. Case No. 15-03267-JJR1. The co-debtor stay relates to Mr. Powers's interest in real property on which Chadwell Homes purports to hold a mortgage lien. For the reasons explained, the Court denies the motion for reconsideration.

## I.   STANDARD FOR RECONSIDERATION

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). "Indeed, as a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" 440 F. Supp. 2d at 1268 (quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)); *see also Moten v. Maverick Transp., LLC*, No. 1:14-CV-00786-KOB, 2015 WL 6593089, at *1 (N.D. Ala. Oct. 30, 2015) ("[M]otions for reconsideration should not be an automatic response to an adverse ruling.") (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This is the second appeal that Mrs. Powers has pursued in Bankr. Case No. 15-03267-JJR1. The Court previously issued two memorandum opinions summarizing those appeals and the Powerses' relationship with Chadwell Homes. In this opinion, the Court restates only the details relevant to the Powerses' motion for reconsideration.

On October 1, 2009, Mr. and Mrs. Powers bought property at 1918 Outwood Road Fultondale, Alabama. (Doc. 15-15, p. 1). The seller, Vincent Bradley, was a business associate of Michael Chadwell, the owner of Chadwell Homes. Drew Gambacurta, Mr. Bradley's attorney, attended the closing and signed the warranty deed on Mr. Bradley's behalf. (Doc. 15-20, p. 11). Chadwell Homes agreed to provide Mr. and Ms. Powers with financing in the amount of $129,900 for the purchase of the property. (Doc. 15-20, p. 10). In return, Mr. and Ms. Powers executed a note and gave Chadwell Homes a mortgage on the property. Since then, Mr. and Mrs. Powers have filed multiple bankruptcy petitions.

Mr. Powers remains personally obligated on the mortgage to Chadwell Homes. Mrs. Powers, by contrast, received a discharge of her personal liability in a chapter 7 case after she executed the Chadwell Homes mortgage. (Doc. 1-3, p. 7). This discharge does not alter Chadwell Homes's mortgage on the property, but it alters Chadwell Homes's ability to recover the money from Mrs. Powers. Despite the discharge, Chadwell Homes may institute foreclosure proceedings in state court because a foreclosure concerns Chadwell Homes's property interest rather than Mrs. Powers personal debt relating to that property interest.

In her first appeal, to avoid the Bankruptcy Court order lifting the automatic stay as to her interest in the property on which Chadwell Homes purports to hold a mortgage lien, Mrs. Powers challenged the validity of the mortgage lien. The

3

Bankruptcy Court proceedings leading to relief from the co-debtor stay order concerning Mr. Powers—the order at issue in this appeal—began shortly after this Court affirmed the order releasing Chadwell Homes from the automatic stay as to Mrs. Powers's interest in the property on which Chadwell Homes purports to hold a mortgage lien. After this Court issued its decision regarding Mrs. Powers's appeal, Chadwell Homes asked the Bankruptcy Court to lift the co-debtor stay. (Doc. 1-1, p. 40, docket entry 319). The Bankruptcy Court granted the motion. (Doc. 1-3) (August 28, 2018 order in Bankr. Case No. 15-03267-JJR13). This appeal followed. (Doc. 1).

In their notice of appeal, Mr. and Mrs. Powers attached the opinion and order granting Chadwell Homes's motion for relief from the co-debtor stay, pursuant to 11 U.S.C. § 1301(c)(2), and denying their request to alter or amend judgment. (Doc. 1-3, pp. 1–13; Doc. 2). Mr. and Mrs. Powers also filed a motion to stay and a motion for summary judgment. (Docs. 4, 5). The Court then issued an order asking Mr. and Mrs. Powers to please explain how their argument in this appeal differed from this Court's determination in a prior appeal. (Doc. 11).

Mr. and Mrs. Powers responded in writing, stating that they had "convincing and undisputable newly discovered evidence that was not available to Mrs. Powers in her prior appeal and never seen by this Court, which would shatter Chadwell Homes' evidence and bring Chadwell's case to a halt." (Doc. 12, p. 1). The Court

4

held a telephone conference to discuss the response. (Doc. 13). During the telephone conference, Mr. and Mrs. Powers represented that there was new evidence in the record that the Bankruptcy Court judge ignored—evidence that invalidated Chadwell Homes's interest in the mortgaged property. The Court directed Mr. and Mrs. Powers to file their record designations. (Doc. 14).

The Court received the designations from Bankruptcy Court on June 28, 2019. (Doc. 15). After careful review, because the Court found no "new evidence" demonstrating that the Bankruptcy Court erred when it lifted the stay as to Chadwell Homes, the Court ordered Mr. and Mrs. Powers to please point to the evidence in their designations demonstrating that Chadwell Homes does not have an enforceable title. (Doc. 16). The Court instructed the Powers to identify "specific document numbers and page numbers within the documents cited." (Doc. 16, p. 3).

Mr. and Mrs. Powers responded by filing a brief in support of their appeal and an "objection and answer" to the Court's order. (Docs. 17, 18). Mr. and Mrs. Powers subsequently filed a reply brief. (Doc. 19). The Court issued a September 16, 2019 memorandum opinion in which the Court concluded that "this appeal does not rest on new evidence." (Doc. 20, p. 6).

On September 30, 2019, Mr. and Mrs. Powers moved for reconsideration. (Doc. 21).

5

### III.   ANALYSIS

In its opinion affirming the Bankruptcy Court's relief from co-debtor stay order, the Court concluded that the Powerses' second appeal did not rest on new evidence. (Doc. 20, p. 6). In support of their motion for reconsideration, Mr. and Mrs. Powers argue that the Court overlooked a "Motion for Declaring Mortgage Lien Invalid," (Doc. 15-20), that Mr. and Mrs. Powers filed in Bankr. Case No. 15-03267-JJR. (Doc. 21, pp. 2–4).

The Powerses' motion to declare the mortgage lien invalid includes three exhibits. (Doc. 15-20). Exhibit A is a special power of attorney Vincent Bradley granted to "Drew Gambacurta." The Specific Power of Attorney authorized Mr. Gambacurta to sell, on Mr. Bradley's behalf, the property that is subject to Chadwell Homes's mortgage lien. (Doc. 15-20, p. 5). Exhibit B is a warranty deed executed by Drew Gambacurta and his wife. (Doc. 15-20, p. 8). Mr. Gambacurta signed the warranty deed as "Anthony A. Gambacurta." (Doc. 15-20, p. 8). Exhibit C is a warranty deed transferring the property at issue here to Mr. and Mrs. Powers. (Doc. 15-20, pp. 10-11). The warranty deed was executed by "Vincent Bradley, by and through his attorney in fact Drew Gambacurta." (Doc. 15-20, p. 11). According to Mr. and Mrs. Powers, Exhibit B demonstrates that Mr. Gambacurta's legal name is Andrew, which means, they argue, that "[w]hen the name Drew Gambacurta was

used and printed on [their] deed, this made their deed invalid under Alabama law."

(Doc. 21, p. 5).

This is another iteration of an argument that this Court has twice rejected. In its March 28, 2018 memorandum opinion, the Court stated:

> Ms. Powers's briefs on appeal and her arguments during the February 2016 hearing indicate that she wanted the Bankruptcy Court to conclusively settle the parties' respective interests in the Fultondale property before reaching Chadwell Homes's motion for relief. . . . This, however, was not a task that the Bankruptcy Court had to undertake. Congress intended hearings for stay relief under § 362 to be expedited, summary proceedings. *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982). Once Chadwell Homes demonstrated cause to lift the stay, it was appropriate to allow the parties to litigate the underlying merits of their dispute in state court, given that their dispute is a creature of state law. Chadwell Homes made its prima facie showing of interest in the property when it offered copies of the original mortgage and note and the testimony of Michael Chadwell confirming that Chadwell Homes had not sold or transferred its interest in the property. *See* Fed. R. Bankr. P. 3001(c)(1) & (f); . . . . The prima facie showing of interest coupled with the showing of cause was adequate to support an order granting Chadwell Homes relief. *See* 11 U.S.C. § 362(d)(1).

(District Court Case No. 16-580, Doc. 30, pp. 12–20).

In its September 16, 2019 memorandum opinion, the Court reaffirmed this conclusion:

> The validity of Chadwell Homes's mortgage is an issue for another day. Regardless of the validity of Chadwell Homes's mortgage, Chadwell Homes has standing to bring a claim as a creditor in Mrs. Power's bankruptcy case. Chadwell Homes is a creditor in Mrs. Powers's bankruptcy proceeding in so far as the company made a loan to Mr. and Mrs. Powers for the purchase of the Fultondale property and the loan has not been repaid. . . . A possible defect in the mortgage interest on

7

the property does not deprive Chadwell Homes of its status as a creditor. *See In re Bauman*, 2015 WL 5008667, at *3.

(Doc. 20, p. 11). So, while Mr. and Mrs. Powers have a new theory for declaring Chadwell's Home's mortgage lien invalid, the validity of the mortgage lien still does not invalidate the Bankruptcy Court order lifting the co-debtor stay. Chadwell Homes still is a creditor in Mrs. Powers's bankruptcy case and still has demonstrated cause to lift the co-debtor stay. *See* 11 U.S.C. § 362(d)(1).

Moreover, the Court is not persuaded that the mortgage lien is invalid under Alabama law because the warranty deed was executed by "Vincent Bradley, by and through his attorney in fact Drew Gambacurta." (Doc. 15-20, p. 11). Under Alabama law, "'[o]ne seeking to have a deed declared invalid must show by clear and convincing evidence the facts relied upon to demonstrate the invalidity; and that party seeking to have the deed set aside bears the burden of proof.'" *Smith v. Walker*, 91 So. 3d 77, 85 (Ala. Civ. App. 2012) (quoting *Thompson v. Mitchell*, 337 So. 2d 1317, 1318 (Ala. 1976)). To properly convey real property, Alabama law requires that a deed be in writing and signed by the party to be charged or his authorized agent. Ala. Code § 35-4-20.

Mr. and Mrs. Powers argue that "Drew Gambacurta" is a nickname that is not sufficient to convey real property under Alabama law. (Doc. 21, p. 5). "A signature is '1. [a] person's name or mark written by that person or at that person's directive. 2. Any name, mark, or writing used with the intention of authenticating a

8

document.'" (District Court Case No. 16-580, Doc. 30, p. 22 (quoting *Signature*, Black's Law Dictionary (8th ed. 2004)). Here, Mr. Gambacurta signed a shorthand version of his name—Drew for Andrew—fairly classified as a "mark," to authenticate the mortgage deed. Mr. and Mrs. Powers have not identified, and the Court has not found, Alabama case law that suggests that a signatory's use of a nickname or abbreviated name invalidates his signature. And even if "Drew" were an insufficient substitute for "Andrew," in the event of a technical defect in a mortgage, "equity will give effect to the intent of the parties according to the substance of the transaction." *In re Miller*, 320 B.R. 203, 213 (Bankr. N.D. Ala. 2005) (granting stay relief to a creditor even though the mortgage on which the creditor's claim was based was improperly notarized). Thus, Alabama law likely would excuse the fact that Mr. Gambacurta signed the warranty deed as "Drew Gambacurta."

Mr. and Mrs. Powers also argue that the Court denied them due process of law by affirming the Bankruptcy Court's order granting relief from the co-debtor stay "within a mere 7 days of [Mr. and Mrs. Powers] filing" their reply brief. (Doc. 21, p. 5). According to Mr. and Mrs. Powers, this 7-day window did not afford the Court enough time "to properly and thoroughly review all of the documents presented." (Doc. 21, p. 5). Mr. and Mrs. Powers cite no case law to support the argument that a turn-around time of seven days constitutes a denial of due process. In any event,

after multiple challenges to the Bankruptcy Court's orders granting relief from stays relating to the mortgage lien at issue, the Court has a level of familiarity with the facts and the arguments for relief that enables the Court to conclude in fairly short order that the Powerses' series of challenges to the validity of Chadwell Homes's lien does not undermine the Bankruptcy Court order lifting the co-debtor stay.

## IV. CONCLUSION

For the reasons discussed above, Chadwell Homes is entitled to relief from the co-debtor automatic stay. Accordingly, the Court denies Mr. and Mrs. Powers's motion for reconsideration. The Court asks the Clerk of Court to please mail a copy of this order to Mr. and Mrs. Powers at their address of record.

**DONE** and **ORDERED** this May 27, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE